UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------X     Case No.  20-cv-3311
SOCIAL LIFE MAGAZINE, INC.,

      Plaintiff,                    COMPLAINT

v.

SENTINEL INSURANCE COMPANY
LIMITED,

      Defendant.

-----------------------------X

    Plaintiff, SOCIAL LIFE MAGAZINE, INC. (hereinafter "Plaintiff'), by and through its attorney, files this Complaint against Defendant, SENTINEL INSURANCE COMPANY LIMITED (hereinafter "Defendant"), and states as follows:

## INTRODUCTION

    1. This is an action by the Plaintiff against their insurance carrier, SENTINEL INSURANCE COMPANY LIMITED for benefits owed under its policy, which have not been paid, as a result of US Health and Human Services's declaration on January 31, 2020 of a public health emergency for the entire United States and New York State Executive Order 202 dated March 7, 2020, as continued and/or modified, declaring a State disaster emergency for New York State due to the novel coronavirus SARS-Cov-2.

    2.  Plaintiff purchased a Business Owner's insurance policy from Defendant, and consequently issued a Policy No.: 16

SBA ZH0759 to the Plaintiff (the "Policy") for a business (the "Business") and personal property (the "Property") owned by the Plaintiff located at 315 West 39th Street, New York, New York 10018.

3.   On or about January 30, 2020, the novel coronavirus SARS-Cov-2 struck New York and the surrounding areas causing widespread damage, loss and injury.

4.   The novel coronavirus SARS-Cov-2 that causes the COVID-19 disease resulted in substantial damage (including physical damage), losses and/or interruption to Plaintiff's Property and/or Business.

5.   Following such damage, losses and/or interruption, Plaintiff properly and promptly submitted an insurance claim to Defendant for losses and damages to the Business and Property caused by the coronavirus.

6.   Plaintiff asked that Defendant cover the losses and damages to the Business and/or Property as a result of the coronavirus and related Civil Authority such as New York State Executive Order 202.8 pursuant to the policy.

7.   Defendant has failed to pay for the damages and losses due and owing under the insurance policy.

<u>PARTIES</u>

8.   Plaintiff, SOCIAL LIFE MAGAZINE, INC. (hereinafter "Plaintiff"), at all times material hereto, was and still is

a commercial business and owner under the laws of the state of New York with its principal place of business located at 315 West 39th Street, New York, New York 10018.

9.    At all times material hereto, Defendant is a Corporation and insurance company authorized to do business in the State of New York.

10.  The state of incorporation of Defendant, SENTINEL INSURANCE COMPANY LIMITED is Connecticut.

11. The principal place of business and statutory home office of SENTINEL INSURANCE COMPANY LIMITED is One Hartford Plaza, Hartford, Connecticut 06155.

<u>JURISDICTION AND VENUE</u>

12.   Personal jurisdiction over the Defendant is based upon 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of New York State, and the Defendant is a citizen of the State of Connecticut, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests.

13.   Venue is proper in the Southern District of New York pursuant to 28 US.C. §1391(b)(2) being that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

<u>COUNT I - BREACH OF CONTRACT</u>

14.  Plaintiff, at all relevant times, has been the owner of certain personal property and operated a publishing

business located at 315 West 39th Street, New York, New York 10018.

15.   Defendant at all times material hereto, was and still is a Corporation created under the laws of the State of Connecticut and authorized to do business in the State of New York.

16.   Defendant issued a Business Owner's policy of insurance to Plaintiff, by Defendant under Policy # 16 SBA ZH0759. This policy insured the personal property owned by Plaintiff and located at 315 West 39th Street, New York, New York 10018 against direct physical loss of or damage to the Covered Property resulting from any Covered Cause of Loss. Damage by the novel coronavirus SARS-2-Cov is Covered Causes of Loss under the policy.

17.   The policy also covered, among other things, (1) loss of Business Income sustained by the physical loss of or physical damage to property at the Business occurring within 12 months after the date of loss or damage, (2) loss of Business Income sustained during the 60 days after access to the Business is prohibited by order of a civil authority, (3) loss of Business Income sustained to due to loss or damage at the premises of a dependent property, (4) loss or damage of business personal property, and (5) loss of or damage to

Covered Property because of contamination by a hazardous
substance.

18.  Said policy was sold by Defendant to the Plaintiff,
all premiums on the Policy were paid; and the Policy was in full
force and effect at all relevant times herein.

19.  On or about January 30, 2020, coronavirus SARS-Cov-2
arrived in New York and the surrounding areas causing widespread
damage and injury including substantial damage and losses to
Plaintiff's Property and Business such as property loss or
damage, significant financial losses and loss of business
income.  As a result of coronavirus SARS-Cov-2, plaintiff
sustained loss of Business Income and loss or damage to its
Property covered by the policy.  As a direct result of the
infection caused by SARS-Cov-2 and the pandemic disease known
as COVID-19, plaintiff's property covered by the policy has
been damaged and cannot be used for its intended purpose.  As
a direct result of the infection caused by SARS-Cov-2 and the
pandemic disease known as COVID-19, plaintiff has lost access
to, use of and/or functionality of plaintiff's property
covered by the policy.

20.  The infection caused by SARS-Cov-2 and the pandemic
disease known as COVID-19 has caused loss or damage at the
premises of Dependent Property (as defined in the Policy)
that is utilized by plaintiff's vendors because such premises

5

and equipment therein cannot be used for their respective
intended purposes.  As a direct result of the infection
caused by SARS-Cov-2 and the pandemic disease known as COVID-
19, plaintiff's vendors have lost access to, use of and/or
functionality of the premises of Dependent Property and
equipment therein.

21.  Because plaintiff's equipment is specialized and
industrial in nature, plaintiff's employees and independent
contractors cannot telecommute or work from home to produce
plaintiff's product (i.e., a Spring-Summer-Fall monthly
magazine of approximately 160 pages).  Because the equipment
at Dependent Property (as defined in the Policy) that is
utilized by plaintiff's vendors is specialized and industrial
in nature, the employees at plaintiff's vendors cannot
telecommute or work from home to produce plaintiff's product
(i.e., a monthly Spring-Summer-Fall magazine of approximately
160 pages).

22.  Following the arrival of coronavirus SARS-Cov-2 in New
York, Plaintiff properly and promptly submitted insurance claims
to Defendant for losses and damages to the Property and Business
caused by Civil Authority and/or coronavirus SARS-Cov-2
including the damages and losses covered by the policy
described in paragraph 17 above.  Plaintiff properly and
promptly requested that Defendant cover the losses and

6

damages to the Property and/or the Business as a result of damage or loss from Civil Authority and/or coronavirus SARS-Cov-2 pursuant to the policy.

23.  In response to plaintiff's request, Defendant assigned claim event numbers CP0018669073, CP0018679075 and CP0018700030.  Defendant assigned certain adjusters and agents to evaluate plaintiff's claims.

24.  Defendant has refused to issue any payments in connection with plaintiff's claims and has denied all of plaintiff's claims.

25.  Such non-payment is not sufficient to cover the damages and losses to Plaintiff's property and the business income loss as a result of the covered damages and losses.

26.  Plaintiff has damages in excess of $75,000.00. Plaintiff has complied with all policy provisions and has cooperated fully with the investigation of the claims.

27.  Defendant, by and through its agents and adjusters has breached the terms of the Policy by failing to pay any amounts due to the Plaintiff pursuant to the terms of the Policy, in that Defendant improperly denied all of Plaintiff's claims, did not adequately investigate the entire scope of damages, and did not properly determine the correct value of the damages.

28.  Plaintiff provided Defendant with all information necessary to properly evaluate the claims and pay adequate benefits to the insured.

29.  Defendant disregarded the information provided by the Plaintiff and continued to rely on the incorrect and flawed opinions of its adjusters and/or agents as a basis to deny the claims.

30.  Because Defendant and/or its agents failed to pay Plaintiff on Plaintiff's insurance claims, plaintiff has not been able to properly and completely repair the damages to its Property or replace said Property. This has caused additional, further damages and losses to Plaintiff.

31.  Defendant and/or its agents, failed to properly adjust the claims and Defendant denied the claims without an adequate investigation, even though the Policy provided coverage for damages and losses such as those suffered by Plaintiff.

32.  Such improper conduct allowed Defendant to financially gain by wrongfully denying Plaintiff's claims.

33.  To date, Plaintiff has not been properly paid for the covered damages and loss sustained to its Property, Business and/or business income.

34.  Despite Plaintiff's compliance with all policy provisions, Defendant refuses to fairly or correctly adjust the claims for damages and losses.

35.  All Conditions Precedent to recovery have been performed, waived or have occurred.

36.  Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damages or losses to Property, Business and lost business income and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

37.  Defendant misrepresented to Plaintiff that the damages and losses to the Property and Business were not covered under the Policy, even though the damages and losses were caused by covered occurrences.

38.  Defendant failed to make an attempt to settle Plaintiff's claims in a fair manner, although it was aware of its liabilities to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

9

39.   Defendant refused to compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses and damages.

40.   Defendant refused to compensate Plaintiff, without first causing Plaintiff to institute legal action and/or the threat of legal action against it.

41.   Defendant failed to meet its obligations under the New York Insurance Code regarding initiating a reasonable investigation of Plaintiff's claims, paying monies owed without forcing Plaintiff to commence legal proceedings and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated deadline.

42.   Defendant failed to meet its obligations under the New York Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed payment of Plaintiff's claims longer than allowed and, Plaintiff has not yet received any payment for its claims.

43.   From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay

Plaintiff any sums, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment.

44.   As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney who is representing Plaintiff with respect to these causes of action.  Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

45.   Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of New York, constitutes a breach of Defendant's contract with Plaintiff.

46.   As a result of this breach of contract, Plaintiff has suffered damages by failing to have the funds needed to repair or replace the Property, losing business income covered by the policy and incurring further damages and losses described herein.

47.   Further as a result of Defendant's breaches of its obligations under the Policy by its deliberate, negligent and, unreasonable refusal and delay in paying Plaintiff's claims, failure to properly investigate the losses and damages, refusal to properly compensate the Plaintiff for the fair value of the

claims, misrepresentation of the scope of the damages and losses and improper denial of the claims.

48.  The losses incurred by Plaintiff were a direct and foreseeable consequence of Defendant's above described wrongful conduct in that such wrongful conduct by the insurer could cause additional business and monetary loss was reasonably foreseeable and contemplated by the parties at the time of contracting under the subject insurance policy.

49.  Accordingly, Plaintiff is entitled to an award against Defendant of compensatory and direct damages in such amounts as established by evidence as well as pre and post judgment interest, costs and such further relief as may be just.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, judgment is demanded in favor of Plaintiff, against Defendant, SENTINEL INSURANCE COMPANY LIMITED in an amount to be determined by the Court including compensatory damages in an amount to be proven at trial but that are at least more than $75,000, consequential damages, pre- and post-judgment interest, attorneys' fees, costs and other relief as this Court may deem appropriate.

```
Dated:   April 28, 2020        By:_____/s/_____
New York, NY                   Gabriel Fischbarg, Esq.
                               230 Park Avenue, Suite 904
                               New York, New York 10169
                               (917) 514-6261
                               Attorney for plaintiff
```