**GABRIEL J. FISCHBARG, ESQ.**
ATTORNEY AT LAW
230 PARK AVENUE, SUITE 904
NEW YORK, NEW YORK 10169

TELEPHONE (917) 514-6261                                                        CELLULAR (917) 514-6261
TELECOPIER (917) 525-2099                                                   EMAIL: FIS123@YAHOO.COM

April 17, 2020

Michael Sagosky Jr.
Sentinel Insurance Company Ltd.
P.O. Box 14271
Lexington, KY 40512

RE:   Insured:         Social Life Magazine Inc.
          Date of Loss:       3/17/2020
          Policy #:       16SBAZH0759
          Event #s:     CP0018669073 & CP0018679075

Dear Mr. Sagosky:

I represent Social Life Magazine Inc., the insured under Policy No. 16SBAZH0759. This is in response to your letter dated March 26, 2020 (copy attached) that I understand applies to both Event Claim Nos. CP0018669073 & CP0018679075.

On page 2 of your letter, you state that the insured has not identified "any physical loss to any property at a scheduled premises." The insured disputes this statement inasmuch as insured has identified physical loss to the property at the scheduled premises, namely, all of the insured's equipment at the scheduled premises. Such property has been damaged and contaminated by the virus SARS-CoV-2 and rendered unusable. Such physical loss or damage has been acknowledged and codified by New York State's Executive Order 202.8.

If you are alleging that the loss caused by the coronavirus is not "physical" in nature, such a definition of "physical loss" or "physical damage" is contradicted by the insurance policy that specifically recognizes that infestations caused by "insects, birds, rodents, mold, spore or other animals" can cause "physical loss" and/or "physical damage." (B. Exclusions, Section 2(c)(5)). The policy does not exclude a virus infestation as a type of loss from a type of physical loss or physical damage that is covered under the policy. Accordingly, because the policy acknowledges that the infestation of the coronavirus can cause (and has indeed caused) physical loss and physical damage to the scheduled premises and all the equipment therein, the insured is entitled to the requested coverage.

On page 2 of your letter, you state that "Business Income coverage is not provided for your loss because there has been no physical loss or damage caused by or resulting from a Covered Cause of Loss to property at a scheduled premises." The insured disputes this statement inasmuch as there is physical loss or damage caused by or resulting from a Covered Cause of Loss to property at a scheduled premises, namely all of the insured's equipment at the scheduled premises that has been damaged and contaminated by the virus SARS-CoV-2 and rendered unusable. Such physical loss or damage has been acknowledged and codified by New York State's Executive Order 202.8.

On page 3 of your letter, you state that you have "no information to indicate that a civil authority issued an order as a direct result of a covered cause of loss to property in the immediate area of [the insured's] scheduled premises." The insured disputes this statement inasmuch as the State of New York issued Executive Order 202.8 on March 20, 2020 banning the insured's use of the scheduled premises and the equipment therein due to the virus SARS-CoV-2's contamination and damage to property in the immediate area of the insured's scheduled premises. Accordingly, the insured contends that this coverage is available for the insured's claimed loss of business income.

On page 4 of your letter, you state that "no direct physical loss or damage caused by or resulting from a Covered Cause of Loss has occurred at a Dependent Property." The insured disputes this statement inasmuch as all of the insured's vendors that the insured depends on to deliver materials and services to the insured (excluding utility services and internet services and including printing companies, photography studios, graphic design studio, messenger companies, public relations firms and delivery companies that distribute the insured's publications to the public) have suffered direct physical loss or physical damage at their premises due to contamination by the virus SARS-CoV-2. Such physical loss or damage has been acknowledged and codified by New York State's Executive Order 202.8. Accordingly, the insured contends that it is entitled to coverage for loss of business income from a dependent property.

On page 4 of your letter, you state that "coronavirus is understood to be an irritant or contaminant which causes or threatens to cause physical impurity, unwholesomeness and threatens human health or welfare." The insured disputes your attempt to include the definition of the coronavirus as part of the definition of a "Pollutant and Contaminant" described in the policy given that the policy's definition of "Pollutants and Contaminants" specifically applies only to inanimate or lifeless items like "smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste." In obvious contrast to such items, a virus has a specific life cycle that includes replication. "Pollutants and Contaminants" cannot replicate themselves. Accordingly, the insured disputes that the pollution exclusion bars coverage for the insured's loss.

Regarding to the two exclusions you discuss on page 5 of your letter ("Consequential Losses" and "Acts or Decisions"), those exclusions are not applicable to the insured's claim.

Based on the foregoing, the insured respectfully requests that The Hartford re-opens the insured's claim.

Please copy me on all future correspondence regarding these matters.

Very truly yours,
/s/

Gabriel Fischbarg