

April 27, 2020

Gabriel J. Fischbarg, Esq, Attorney at Law
230 Park Avenue, Suite 904
New York, New York 10169

RE:  Insured:            Social Life Magazine Inc.
     Claim Number:     CP0018669073
     Policy Number:    16 SBA ZH0759
     Date of Loss:     March 17, 2020
     Writing Company:  Sentinel Insurance Company Ltd. ("Hartford")

Dear Mr. Fischbarg:

In response to the letter of April 17, 2020 and email correspondence of April 24, 2020, in which you disagree with Hartford's March 26, 2020 coverage denial for your client Social Life Magazine Inc.'s ("Social Life") claim. Hartford has considered your letter and e-mail correspondence, and for the reasons stated below and in Hartford's March 26, 2020 letter, maintains its position that no coverage is available to your client for this claim.

First, your assertion that the insured's equipment has been damaged and contaminated is unsupported by the facts as Hartford understands them. Even if the coronavirus could cause physical damage to property, which Hartford does not concede, there is no evidence that Social Life's property has suffered direct physical loss or damage, which is necessary to trigger Business Income coverage. We have reviewed New York State's Executive Order 202.8, which does not acknowledge nor does it codify that physical loss or damage has occurred. The Order, to prevent community transmission of COVID-19, simply mandates that all non-essential businesses have their employees telecommute or work from home and reduce their in-person work force. Therefore, even if Social Life's scheduled premises did sustain physical loss or damage, this was not the cause of the suspension of its operations, as required by the policy, but rather the suspension was caused by the order attempting to prevent further community spread of COVID-19. Your reference to the policy's exclusion for physical damage caused by nesting or infestation does not establish that a virus

can similarly can cause physical damage, or that Social Life's property sustained any such damage.

Second, with regard to coverage for Civil Authority, Hartford stands by its position that there has not been an order of a civil authority issued as a direct result of a Covered Cause of Loss to property in the immediate area of Social Life's scheduled premises. As noted above, Hartford's position is that your reliance on Executive Oder 202.8 is misplaced, as a review of the order demonstrates that it was not issued because of any direct physical loss to property in the immediate area of the scheduled premises, but rather to prevent community spread of COVID-19. Moreover, coverage for Civil Authority requires that the order of civil authority specifically prohibit an insured's access to its scheduled premises. Executive Order 202.8 does not ban Social Life's access to its own premises.

Third, Hartford also stands by its determination that coverage for Business Income from Dependent Properties is not triggered, as no evidence has been provided that the insured's vendors have suffered a physical loss or physical damage to property at their premises.

Your policy citation regarding "Pollutants and Contaminants" in your letter is not complete. "Pollutants and Contaminants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, or any other material which causes or threatens to cause physical loss, physical damage, impurity to property, unwholesmeness, undesirability, loss of marketability, loss of property, or which threatens human health or welfare. Waste includes materials to be recycled, reconditioned or reclaimed. Please note the reference to "any other material." Hartford continues to reserve its rights to assert that the coronavirus is a pollutant or contaminant, as set forth in Hartford's March 26, 2020 letter.

Finally, in support of your contention that the policy provides coverage, you reference a New Jersey court decision. We have reviewed that decision and find that it is inapplicable given that it does not involve New York law and because it involves different facts than are at issue here.

The foregoing should not be construed as a waiver of any of Hartford's, rights and defenses under your policy, 16 SBA ZH0759, and Hartford, specifically reserves its right to modify or supplement this review of coverage based upon any additional information which it may obtain and/or any other grounds which may appear.

We are required to inform you that under Regulation 64 of the New York State Department of Financial
Services, any legal action which you may elect to take against this company regarding this claim must be
brought within two years of the date of loss.

208435203_1 LAW

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

Sincerely,

*[signature]*

Michael Sagosky Jr.
General Adjuster
630-692-8651
Michael.sagoskyjr@thehartford.com

Copy:  HUDSON VALLEY AGY ALLIANCE LLC/PHS
       800 WESTCHESTER AVE STE S 522,
       RYE BROOK, NY, 10573
       Via email

208435203_1 LAW