UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X        Case No.20-cv-3311-VEC
SOCIAL LIFE MAGAZINE, INC.,

      Plaintiff,                     FIRST AMENDED COMPLAINT

v.

SENTINEL INSURANCE COMPANY
LIMITED,

      Defendant.

------------------------------X

    Plaintiff, SOCIAL LIFE MAGAZINE, INC. (hereinafter "Plaintiff'), by and through its attorney, files this First Amended Complaint against Defendant, SENTINEL INSURANCE COMPANY LIMITED (hereinafter "Defendant"), and states as follows:

## INTRODUCTION

    1. This is an action by the Plaintiff against their insurance carrier, SENTINEL INSURANCE COMPANY LIMITED for benefits owed under its policy, which have not been paid, as a result of US Health and Human Services's declaration on January 31, 2020 of a public health emergency for the entire United States and New York State Executive Order 202 dated March 7, 2020, as continued and/or modified, declaring a State disaster emergency for New York State due to the novel coronavirus SARS-Cov-2.

    2.  Plaintiff purchased a Business Owner's insurance policy from Defendant, and consequently issued a Policy No.: 16

SBA ZH0759 to the Plaintiff (the "Policy") for a business (the "Business") and personal property (the "Property") owned by the Plaintiff located at 315 West 39th Street, New York, New York 10018.

3.    On or about January 30, 2020, the novel coronavirus SARS-Cov-2 struck New York and the surrounding areas causing widespread damage, loss and injury.

4.    The novel coronavirus SARS-Cov-2 that causes the COVID-19 disease resulted in substantial damage (including physical damage), losses and/or interruption to Plaintiff's Property and/or Business.

5.    Following such damage, losses and/or interruption, Plaintiff properly and promptly submitted an insurance claim to Defendant for losses and damages to the Business and Property caused by the coronavirus.

6.    Plaintiff asked that Defendant cover the losses and damages to the Business and/or Property as a result of the coronavirus and related Civil Authority such as New York State Executive Order 202.8 pursuant to the policy.

7.    Defendant has failed to pay for the damages and losses due and owing under the insurance policy.

<u>PARTIES</u>

8.    Plaintiff, SOCIAL LIFE MAGAZINE, INC. (hereinafter "Plaintiff"), at all times material hereto, was and still is

a commercial business and owner under the laws of the state of New York with its principal place of business located at 315 West 39th Street, New York, New York 10018.

9.   At all times material hereto, Defendant is a Corporation and insurance company authorized to do business in the State of New York.

10.  The state of incorporation of Defendant, SENTINEL INSURANCE COMPANY LIMITED is Connecticut.

11. The principal place of business and statutory home office of SENTINEL INSURANCE COMPANY LIMITED is One Hartford Plaza, Hartford, Connecticut 06155.

<u>JURISDICTION AND VENUE</u>

12.  Personal jurisdiction over the Defendant is based upon 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of New York State, and the Defendant is a citizen of the State of Connecticut, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interests.

13.  Venue is proper in the Southern District of New York pursuant to 28 US.C. §1391(b)(2) being that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

<u>COUNT I - BREACH OF CONTRACT</u>

14.  Plaintiff, at all relevant times, has been the owner of certain personal property and operated a publishing

3

business located at 315 West 39th Street, New York, New York
10018.

15.   Defendant at all times material hereto, was and still
is a Corporation created under the laws of the State of
Connecticut and authorized to do business in the State of New
York.

16.   Defendant issued a Business Owner's policy of
insurance to Plaintiff, by Defendant under Policy # 16 SBA
ZH0759. This policy insured the personal property owned by
Plaintiff and located at 315 West 39th Street, New York, New
York 10018 against direct physical loss of or damage to the
Covered Property resulting from any Covered Cause of Loss.
Damage by the novel coronavirus SARS-2-Cov is Covered Causes
of Loss under the policy.

17.   The policy also covered, among other things, (1)
loss of Business Income sustained by the physical loss of or
physical damage to property at the Business occurring within
12 months after the date of loss or damage, (2) loss of
Business Income sustained during the 60 days after access to
the Business is prohibited by order of a civil authority, (3)
loss of Business Income sustained to due to loss or damage at
the premises of a dependent property, (4) loss or damage of
business personal property, and (5) loss of or damage to

Covered Property because of contamination by a hazardous

substance.

18.   Said policy was sold by Defendant to the Plaintiff,

all premiums on the Policy were paid; and the Policy was in full

force and effect at all relevant times herein.

19.   On or about January 30, 2020, coronavirus SARS-Cov-2

arrived in New York and the surrounding areas causing widespread

damage and injury including substantial damage and losses to

Plaintiff's Property and Business such as property loss or

damage, significant financial losses and loss of business

income.   As a result of coronavirus SARS-Cov-2, plaintiff

sustained loss of Business Income and loss or damage to its

Property covered by the policy.   As a direct result of the

infection caused by SARS-Cov-2 and the pandemic disease known

as COVID-19, plaintiff's property covered by the policy has

been damaged and cannot be used for its intended purpose.   As

a direct result of the infection caused by SARS-Cov-2 and the

pandemic disease known as COVID-19, plaintiff has lost access

to, use of and/or functionality of plaintiff's property

covered by the policy.

20.   The infection caused by SARS-Cov-2 and the pandemic

disease known as COVID-19 has caused loss or damage at the

premises of Dependent Property (as defined in the Policy)

that is utilized by plaintiff's vendors because such premises

and equipment therein cannot be used for their respective intended purposes.  As a direct result of the infection caused by SARS-Cov-2 and the pandemic disease known as COVID-19, plaintiff's vendors have lost access to, use of and/or functionality of the premises of Dependent Property and equipment therein.

21.  Because plaintiff's equipment is specialized and industrial in nature, plaintiff's employees and independent contractors cannot telecommute or work from home to produce plaintiff's product (i.e., a Spring-Summer-Fall monthly magazine of approximately 160 pages).  Because the equipment at Dependent Property (as defined in the Policy) that is utilized by plaintiff's vendors is specialized and industrial in nature, the employees at plaintiff's vendors cannot telecommute or work from home to produce plaintiff's product (i.e., a monthly Spring-Summer-Fall magazine of approximately 160 pages).

22.  Following the arrival of coronavirus SARS-Cov-2 in New York, Plaintiff properly and promptly submitted insurance claims to Defendant for losses and damages to the Property and Business caused by Civil Authority and/or coronavirus SARS-Cov-2 including the damages and losses covered by the policy described in paragraph 17 above.  Plaintiff properly and promptly requested that Defendant cover the losses and

damages to the Property and/or the Business as a result of
damage or loss from Civil Authority and/or coronavirus SARS-
Cov-2 pursuant to the policy.

23.  In response to plaintiff's request, Defendant
assigned claim event numbers CP0018669073, CP0018679075 and
CP0018700030.  Defendant assigned certain adjusters and
agents to evaluate plaintiff's claims.

24.  Defendant has refused to issue any payments in
connection with plaintiff's claims and has denied all of
plaintiff's claims.

25.  Such non-payment is not sufficient to cover the
damages and losses to Plaintiff's property and the business
income loss as a result of the covered damages and losses.

26.  Plaintiff has damages in excess of $75,000.00.
Plaintiff has complied with all policy provisions and has
cooperated fully with the investigation of the claims.

27.  Defendant, by and through its agents and adjusters
has breached the terms of the Policy by failing to pay any
amounts due to the Plaintiff pursuant to the terms of the
Policy, in that Defendant improperly denied all of
Plaintiff's claims, did not adequately investigate the
entire scope of damages, and did not properly determine the
correct value of the damages.

28.   Plaintiff provided Defendant with all information necessary to properly evaluate the claims and pay adequate benefits to the insured.

29.   Defendant disregarded the information provided by the Plaintiff and continued to rely on the incorrect and flawed opinions of its adjusters and/or agents as a basis to deny the claims.

30.   Because Defendant and/or its agents failed to pay Plaintiff on Plaintiff's insurance claims, plaintiff has not been able to properly and completely repair the damages to its Property or replace said Property. This has caused additional, further damages and losses to Plaintiff.

31.   Defendant and/or its agents, failed to properly adjust the claims and Defendant denied the claims without an adequate investigation, even though the Policy provided coverage for damages and losses such as those suffered by Plaintiff.

32.   Such improper conduct allowed Defendant to financially gain by wrongfully denying Plaintiff's claims.

33.   To date, Plaintiff has not been properly paid for the covered damages and loss sustained to its Property, Business and/or business income.

34.  Despite Plaintiff's compliance with all policy provisions, Defendant refuses to fairly or correctly adjust the claims for damages and losses.

35.  All Conditions Precedent to recovery have been performed, waived or have occurred.

36.  Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damages or losses to Property, Business and lost business income and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

37.  Defendant misrepresented to Plaintiff that the damages and losses to the Property and Business were not covered under the Policy, even though the damages and losses were caused by covered occurrences.

38.  Defendant failed to make an attempt to settle Plaintiff's claims in a fair manner, although it was aware of its liabilities to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the New York Unfair Claims Settlement Practices Act.

9

39.   Defendant refused to compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses and damages.

40.   Defendant refused to compensate Plaintiff, without first causing Plaintiff to institute legal action and/or the threat of legal action against it.

41.   Defendant failed to meet its obligations under the New York Insurance Code regarding initiating a reasonable investigation of Plaintiff's claims, paying monies owed without forcing Plaintiff to commence legal proceedings and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated deadline.

42.   Defendant failed to meet its obligations under the New York Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed payment of Plaintiff's claims longer than allowed and, Plaintiff has not yet received any payment for its claims.

43.   From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay

Plaintiff any sums, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment.

44.  As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney who is representing Plaintiff with respect to these causes of action.  Defendant's conduct constitutes violation of the New York Unfair Claims Settlement Practices Act.

45.   Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of New York, constitutes a breach of Defendant's contract with Plaintiff.

46.  As a result of this breach of contract, Plaintiff has suffered damages by failing to have the funds needed to repair or replace the Property, losing business income covered by the policy and incurring further damages and losses described herein.

47.  Further as a result of Defendant's breaches of its obligations under the Policy by its deliberate, negligent and, unreasonable refusal and delay in paying Plaintiff's claims, failure to properly investigate the losses and damages, refusal to properly compensate the Plaintiff for the fair value of the

claims, misrepresentation of the scope of the damages and losses and improper denial of the claims.

48.   The losses incurred by Plaintiff were a direct and foreseeable consequence of Defendant's above described wrongful conduct in that such wrongful conduct by the insurer could cause additional business and monetary loss was reasonably foreseeable and contemplated by the parties at the time of contracting under the subject insurance policy.

49.   Accordingly, Plaintiff is entitled to an award against Defendant of compensatory and direct damages in such amounts as established by evidence as well as pre and post judgment interest, costs and such further relief as may be just.

COUNT 2 – <u>BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

50.   Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein.

51.   At all relevant times, plaintiff acted in good faith by performing all its obligations, duties and conditions under the policy, including its duty to provide defendant with timely notice of its potential and actual damages and losses and its duty to cooperate in good faith with defendant's investigation of the same.

52.   A policy of insurance, like any contract, contains a reciprocal implied promise and covenant upon the insurer to act

in good faith and deal fairly with the insured.  Implicit in contracts of insurance is a covenant of good faith and fair dealing, such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims.

53.  As set forth above, defendant's denial of coverage is the result of gross negligence.  Such gross negligence includes, without limitation, defendant's (1) predisposition to denying plaintiff's claims and, upon information and belief, all similar claims made by other insureds of the defendant, without actually investigating any of the claims, (2) refusal to investigate any of plaintiff's claims, including plaintiff's business income lost, after submission of the claims, and (3) ignoring (i) the plain language of the policy that requires coverage for the requested claims and (ii) applicable legal precedent provided by plaintiff to defendant that has required the requested coverage. In addition, defendant lacked an arguable basis for denying coverage under the standards of a reasonable insurer.

54.  As a result of such breach of the implied covenant of good faith and fair dealing, plaintiff seeks damages up to the respective policy limits on each claim denied by the defendant.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

13

WHEREFORE, judgment is demanded in favor of Plaintiff,

against Defendant, SENTINEL INSURANCE COMPANY LIMITED on Count 1

in an amount to be determined by the Court including

compensatory damages in an amount to be proven at trial but that

are at least more than $75,000, consequential damages, pre- and

post-judgment interest, attorneys' fees, costs and other relief

as this Court may deem appropriate; and judgment is demanded in

favor of Plaintiff, against Defendant, SENTINEL INSURANCE

COMPANY LIMITED on Count 2 in an amount to be determined by the

Court but that is at least more than $75,000 and that is up to

the respective policy limits on each claim denied by the

defendant, pre- and post-judgment interest, attorneys' fees,

costs and other relief as this Court may deem appropriate.

Dated:   May 7, 2020                By:_____/s/_____
New York, NY                        Gabriel Fischbarg, Esq.
                                    230 Park Avenue, Suite 904
                                    New York, New York 10169
                                    (917) 514-6261
                                    Attorney for plaintiff