Sarah D. Gordon
202 429 8005
sgordon@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

May 21, 2020

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:     *Social Life Magazine, Inc. v. Sentinel Ins. Co. Ltd.*, 20 Civ. 3311

Dear Judge Caproni:

        On behalf of Defendant Sentinel Insurance Co. Ltd. ("Sentinel"), we write briefly to respond to the letter of yesterday from the Plaintiff Social Life Magazine, Inc. ("Social Life").

        First, while Social Life's letter is ostensibly intended to correct a statement on the record, its evident purpose is to cite new authority, *Pepsico v .Winterthur Int'l Am. Ins. Co*., 24 A.D.3d 743 (2d Dep't 2005).  Social Life could have included that authority in its original motion papers (ECF 8), or even in its unauthorized reply filing.  (ECF 22.)  The Court should disregard Social Life's attempt to update its motion papers after-the-fact.

        Second, even if the Court were to consider Social Life's belated letter, Social Life is wrong to suggest that the *Pepsico* case is helpful to its position.

        In *Pepsico*, faulty raw ingredients rendered certain Mountain Dew and Diet Pepsi soft drinks "unmerchantable and necessitated their destruction," and the question presented was whether this event fell within Pepsico's coverage for "all risks of physical loss of or damage to property" (including "personal property" such as the soft drinks). *Pepsico v. Winterthur Int'l Am. Ins. Co*., 13 A.D.3d 599, 599 (2d Dep't 2004); *Pepsico v .Winterthur Int'l Am. Ins*, 6 Misc. 3d 1006(A), 2004 WL 3092342m at *1 (N.Y. Sup. Ct. Dec. 10, 2004) (earlier decisions from the same case providing the factual background and policy language).  The Second Department concluded Pepsico's loss was covered because a "physical event" occurred that "seriously impaired" the "function" of the soft drinks, so that they could not be sold.  24 A.D.3d at 744.

        The *Pepsico* case is unhelpful to Social Life because, here, there was no "physical event" at Social Life's premises or with respect to any of its property.  There is no allegation, for example, that the virus caused Social Life's printing press to malfunction or the pages of its magazine to fall apart.  As the Court observed: "[W]hat has caused the damage is that the

Hon. Valerie E. Caproni
May 21, 2020
Page 2

**Steptoe**

governor has said you need to stay home.  It is not that there is any particular damage to your specific property." (ECF 24-1, at 8:16-19.)

And as Judge Engelmayer explained in *Newman Myers Kreines Gross Harris, P.C. v. Great Northern Ins. Co.*, 17 F. Supp. 3d 323, 330 (S.D.N.Y. 2014), where courts have found physical damage from matters invisible to the naked eye, such as "water contamination," there was at least some "physical change for the worse" at the premises, as opposed to a "forced closure of the premises for reasons exogenous to the premises themselves."  The *Pepsico* decision falls squarely in that easily distinguishable line of cases involving a physical change for the worse — exactly what is lacking here.  (ECF 17, at 19-20 (distinguishing similar cases).)

Finally, Social Life is wrong in suggesting that *Pepsico* addresses the question of "whether a virus can cause physical damage."  (ECF 24.) That question is not addressed at all, and it is highly doubtful that a virus that remains viable for a few days at most (ECF 18-3), and that concededly can be remediated by cleaning alone (ECF 8-1 ¶ 8), is capable of causing physical damage. Regardless, in this case there is no evidence of physical damage at Social Life's premises, whether caused by the virus or anything else.  Nothing in *Pepsico* changes that dispositive fact.

Respectfully,

*/s/ Sarah D. Gordon*

Sarah D. Gordon